United States District Court
Southern District of Texas
**ENTERED**
May 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANS LEONARDO SANDOVAL ROCHA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-6032 |
| | § | |
| KRISTI NOEM, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

The Visa Waiver Program ("VWP") "permits eligible nationals from certain designated countries to apply for admission to the United States for ninety days or less as non-immigrant visitors without first obtaining a visa." McCarthy v. Mukasey, 555 F.3d 459, 459–60 (5th Cir. 2009) (per curiam). In 2024 Hans Leonardo Sandoval Rocha ("Petitioner"), a citizen of Chile, was admitted to stay in the country until July 10, 2024, as a Visa Waiver Visitor.[1]

On April 14, 2025, Petitioner was arrested in Van, Texas, for "public order crimes."[2] That same day, Petitioner was transferred

---

[1]Response to Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Respondents' Response"), Docket Entry No. 11, pp. 1-2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 2.

to immigration custody.[3]   On April 16, 2025, Immigration and Customs Enforcement ("ICE") issued a notice of intent to remove Petitioner for remaining in the United States beyond the ninety-day period.[4]   ICE issued an order of removal the same day.[5]

On June 11, 2025, Petitioner filed an application for asylum.[6] In October of 2025 ICE referred Petitioner to asylum processing.[7] Although Petitioner claimed fear of returning to Chile in June of 2025, his first hearing before an immigration judge was not held until February 26, 2026.[8]   Petitioner's application for asylum remains pending.[9]

ICE has possession of Petitioner's passport "to facilitate coordination of removal efforts should an Immigration Judge deny any of Petitioner's applications for relief or protection."[10]   ICE "is not aware of any impediments to removal to Chile if legally

---

[3]Id.

[4]Id. at 2-3.

[5]Id. at 3.

[6]Id.

[7]Id.

[8]Id.; Petitioner's Reply in Support of Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petitioner's Reply"), Docket Entry No. 17, p. 3.

[9]See Respondents' Response, Docket Entry No. 11, pp. 3-4.

[10]Id. at 3-4.

-2-

authorized to remove Petitioner."[11]    Petitioner remains in immigration custody.[12]

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1).  Petitioner challenges his detention on statutory grounds, arguing that he is entitled to a bond hearing under U.S.C. § 1226(a).[13]    Petitioner also challenges his detention on constitutional grounds, arguing that his continued detention without a bond hearing violates due process.[14]

Respondents have filed a Response, arguing that Petitioner's Habeas Petition should be denied.[15]  Respondents first assert that because Petitioner has not filed an appeal in his asylum case, he

---

[11]Id. at 4.

[12]Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person Subject to Indefinite Immigration Detention, Docket Entry No. 1, p. 14; Respondents' Response, Docket Entry No. 11, p. 2.

[13]Petitioner's Reply, Docket Entry No. 17, p. 6.

[14]Id. at 6-8.  Petitioner also argues that his detention is unreasonable because of the delay in processing his asylum application.  Id. at 3-5.  The court is skeptical it has jurisdiction over this claim. Bonilla Chicas v. Warden, CIVIL ACTION NO. 5:26-CV-00131, 2026 WL 539475, at *3 (S.D. Tex. Feb. 20, 2026) ("[D]istrict courts may not review claims 'arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" (quoting 8 U.S.C. § 1252(g)).  Moreover, it is clear from the record that Petitioner has been provided an opportunity to pursue protection-based claims before an immigration judge.  Respondents' Response, Docket Entry No. 11, pp. 2-3; Petitioner's Reply, Docket Entry No. 17, p. 4. Petitioner's claim will therefore be denied.

[15]Respondents' Response, Docket Entry No. 11, p. 1.

has failed to exhaust administrative remedies and therefore cannot seek habeas relief under 28 U.S.C. § 2241.[16]  But because Petitioner is not asking the court to review the merits of his asylum claim, his failure to appeal his asylum claim to the Board of Immigration Appeals is not an impermissible failure to exhaust administrative remedies.

Respondents also argue that Petitioner's Habeas Petition must be denied because he is subject to mandatory detention under 8 U.S.C. § 1187(c)(2)(E).[17]  However, "Respondents' cited authority for detaining Petitioner . . . does not authorize detention." Nicolas T. v. Noem, CIVIL ACTION NO. 1:25-cv-313, 2026 WL 1010750, at *1 (S.D. Tex. Mar. 30, 2026), report and recommendation adopted, Osorio Toro v. United States Department of Homeland Security, Civil Action No. 1:25-CV-00313, 2026 WL 1010110 (S.D. Tex. Apr. 14, 2026).  Title 8 U.S.C. § 1187(c)(2)(E) reads as follows:

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal.  Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release.  Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

---

[16]Id. at 4-5.

[17]Id. at 5-7.

-4-

"This provision does not contain language authorizing detention, much less mandatory detention."  Nicolas T., 2026 WL 1010750, at *1.  The statute therefore "does not authorize detention generally or to Petitioner in particular."  Id. Petitioner's Habeas Petition will therefore be granted in part and denied in part.

Also pending before the court is Petitioner's Motion for Appointment of Counsel Under the Criminal Justice Act ("Petitioner's Counsel Motion") (Docket Entry No. 19).  Habeas corpus proceedings in federal court are civil actions; there is generally no constitutional right to the assistance of counsel. See Fairman v. Anderson, 188 F.3d 635, 642 (5th Cir. 1999) (explaining that "there is no constitutional right to counsel on habeas review").  The issues presented in the Habeas Petition do not present any extraordinary circumstances, and there is no basis for appointment of counsel in this case.  Petitioner's Counsel Motion will therefore be denied.

Because 8 U.S.C. § 1187(c)(2)(E) does not authorize detention, Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **GRANTED IN PART and DENIED IN PART**. Respondents are therefore **ORDERED** to release Petitioner or provide him a bond hearing by June 4, 2026.  The parties are further **ORDERED** to file a status report with the court by June 11, 2026.

Additionally, for the reasons explained above, Petitioner's Motion for Appointment of Counsel Under the Criminal Justice Act (Docket Entry No. 19) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 18th day of May, 2026.

_____

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE