United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANS LEONARDO SANDOVAL ROCHA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-6032 |
| | § | |
| KRISTI NOEM, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

In 2024 Hans Leonardo Sandoval Rocha ("Petitioner"), a citizen of Chile, was admitted to stay in the United States until July 10, 2024, as a Visa Waiver Visitor.[1]  On April 14, 2025, Petitioner was arrested in Van, Texas, for "public order crimes."[2]  That same day, Petitioner was transferred to immigration custody.[3]  On April 16, 2025, after issuing a notice of intent to remove Petitioner for remaining in the United States beyond the ninety-day period, Immigration and Customs Enforcement ("ICE") issued an order of

---

[1]Response to Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Respondents' Response"), Docket Entry No. 11, pp. 1-2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 2.

[3]Id.

removal.[4]  On June 11, 2025, Petitioner filed an application for asylum.[5]

On December 12, 2025, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), arguing that his detention without a bond hearing violates § 1226 and due process.  On May 18, 2026, after concluding that 8 U.S.C. § 1187(c)(2)(E) did not authorize Petitioner's detention, the court entered a memorandum opinion and order granting in part and denying in part Petitioner's Habeas Petition and ordering Respondents to provide Petitioner with a bond hearing.[6]

On June 1, 2026, an immigration judge denied Petitioner a bond after finding that he was a flight risk.[7]  On June 8, 2026, Petitioner's asylum application was pretermitted and he was ordered removed to Chile.[8]

Because Petitioner has been provided a bond hearing, his claim that his detention without a bond hearing violates due process is moot.[9]  Moreover, to the extent Petitioner is alleging that his

---

[4]Id. at 2-3.

[5]Id.

[6]Memorandum Opinion and Order, Docket Entry No. 20, p. 5.

[7]Advisory to the Court, Docket Entry No. 21, p. 1; Order of the Immigration Judge, Exhibit 1 to Advisory to the Court, Docket Entry No. 21-1, p. 1.

[8]Order of the Immigration Judge, Exhibit 2 to Advisory to the Court, Docket Entry No. 21-2, p. 1.

[9]Habeas Petition, Docket Entry No. 1, pp. 6-7.  Petitioner
(continued...)

prolonged detention itself violates due process, that claim has no merit. As explained in <u>Garcia De La Cruz v. Bondi</u>, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" <u>Id.</u> at *2 (quoting <u>Demore v. Kim</u>, 123 S. Ct. 1708, 1721-22 (2003)).

For the reasons explained above, Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 23rd day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[9](...continued)
asserts four grounds for relief. <u>Id.</u> Ground One was partially granted in the court's May 18, 2026, memorandum opinion and order. Memorandum Opinion and Order, Docket Entry No. 20, p. 5. The constitutional claim Petitioner asserts in Ground One is addressed above. Grounds Two and Three were denied in the court's May 18, 2026, memorandum opinion and order. Memorandum Opinion and Order, Docket Entry No. 20, p. 3 n.14. Additionally, Ground Four, which asserts that Petitioner's detention conditions violate due process, relies on the fact that he is being subject to prolonged detention and is thus addressed above. Habeas Petition, Docket Entry No. 1, p. 7.